Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

    Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAMON BAKER and NATASHA BAKER, ) | |
| ) | |
| Plaintiffs, ) | **COMPLAINT and** |
| ) | **JURY DEMAND** |
| v. ) | |
| ) | |
| CITY OF BOZEMAN, HANNAH HELSBY, ) | |
| GALLATIN COUNTY, and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**INTRODUCTION**

1. This is an action for deprivation of civil rights under color of law, and for negligence and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Bozeman Police Officers, as yet unknown law enforcement and pretrial services officers, the City

of Bozeman and Gallatin County.  Plaintiffs seek both declaratory and injunctive relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

3. Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. § 1367.

4. Venue in this case is proper under 28 U.S.C. § 1391, LR 3.2(b), and § 25-2-122(2)(b), MCA.  Defendants are located in this District and Division, and all relevant conduct occurred in this Division.

5. Because Plaintiffs make no allegations against the State of Montana, pursuant to MCA § 2-9-301, they are not required to file administrative claims against the City of Bozeman or Gallatin County prior to filing this action.

## THE PARTIES

6. Plaintiffs Damon Baker and Natasha Baker are citizens of the State of Montana and residents of Park County, Montana.  At all times relevant to this matter, they were residents of Gallatin County, Montana.

7. Based on information and belief, Defendant Hannah Helsby is a citizen of the State of Montana and a resident of Gallatin County, Montana. She was an

employee of the City of Bozeman at all times pertinent to this matter. She is sued in both individual and official capacities.

8. Defendant City of Bozeman is a municipality of the State of Montana located in Gallatin County.

9. Defendant Gallatin County is a political subdivision of the State of Montana.

10. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiffs and their counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiffs may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

11. On January 2, 2022, at about 2:00 a.m., Bozeman Police Officer Hannah Helsby noticed a Jeep Compass traveling east on Babcock Street in Bozeman that had its fog lights illuminated but not its headlights and taillights.

12. Officer Helsby flashed her high beam headlights at the vehicle, but the vehicle did not turn on its headlights.

13. Officer Helsby initiated a traffic stop of the vehicle near the intersection of Wallace Avenue and Babcock Street.

14. The occupants of the vehicle were Damon Baker in the driver's seat and Natasha Baker in the front passenger seat.

15. Officer Helsby asked Damon Baker to exit his vehicle and had him perform various field sobriety tests.

16. Officer Helsby transported Damon Baker to the Gallatin County Detention Center.

17. Damon Baker spent over 24 hours in jail, then posted $5000 bail and was released.

18. Based on Officer Helsby's report, on January 12, 2022, Gallatin County charged Damon Baker with a violation of MCA §61-8-1002, driving under the influence.

19. On January 28, 2022, Damon Baker completed pretrial screening with the Gallatin County Office of Court Services.

20. On February 10, 2022, Damon Baker made his initial appearance in Gallatin County District Court and entered a not guilty plea.

21. The Court continued bail at $5000 and signed a release order that subjected Damon Baker to be subject to random alcohol testing and prohibited Damon Baker from leaving the state, using alcohol, or going to bars.

22. Damon Baker was required to sign the release order, essentially signing a contract that he agreed that failure to comply with the terms of the release order constituted a crime.

23. After conducting a hearing and receiving testimony from Officer Helsby, the Court dismissed all charges against Damon Baker on August 8, 2023, finding that there was no reasonable basis to expand the traffic stop of Damon Baker and the Court suppressed all evidence gathered under the unconstitutional search.

24. The Baker family had to pay for attorneys to defend against the criminal charges, had to post $5000 bond, attended numerous court hearings and meetings with their attorneys, took 569 daily random testing phone calls, 82 weekly check-in calls with a pretrial officer, and further, Damon Baker was required to take 66 random drug and alcohol tests and pay for pretrial supervision fees.

25. Damon Baker spent more than 175 hours dealing with the unconstitutional arrest by Officer Helsby, including for time in court, meeting with counsel, check-in calls, testing, and time in custody.

## COUNT 1
## 42 USC § 1983

26. Plaintiffs hereby incorporate all prior paragraphs.

27. Defendant Helsby lacked reasonable suspicion to search and lacked probable cause to arrest Plaintiff.

28. At all times in which she interacted with Plaintiff on or about January 2, 2022, Defendant Helsby acted within the course and scope of her employment.

29. While acting under color of law, Defendant Helsby deprived Plaintiff Damon Baker of his civil rights under the Fourth Amendment to be free from unreasonable seizure, enforceable through 42 U.S.C. § 1983.

30. While acting under color of law, Defendants deprived Plaintiff of his civil rights under the due process clause of the Fourteenth Amendment to be free from constitutionally repugnant interference with his liberty interest, enforceable through 42 U.S.C. § 1983.

31. By charging Plaintiff Damon Baker for pre-trial fees without any finding of guilt, Defendants deprived Plaintiffs of their property without due process as guaranteed under the Fourteenth Amendment.

## COUNT 2

## 42 USC § 1983
## Entity Liability

32. Plaintiffs hereby incorporate all prior paragraphs.

33. Defendants' pretrial supervision requires certain pretrial arrestees, such as Damon Baker, to sign contracts before being released from jail "agreeing" to further criminal charges if they do not comply with certain pre-trial conditions.

34. Pre-trial arrestees such as Damon Baker have not been convicted of any crime, yet being on pre-trial supervision exposes them to further criminal liability.

35. To be free from pre-trial detention, which is the presumption under Montana law, pre-trial arrestees such as Damon Baker have to agree to expose themselves to even more grounds for their future detention.

36. The violations of pre-trial conditions that can result in more criminal charges for pre-trial arrestees such as Damon Baker are not behaviors that are crimes if committed by a member of the general public. They are specific to pre-trial arrestees such as Damon Baker on pre-trial supervision.

37. These coercive contracts violate Plaintiff's Fourteenth Amendment due process rights.

38. While acting under color of law, Defendants deprived Plaintiff of his civil rights under the due process clause of the Fourteenth Amendment to be free

from constitutionally repugnant interference with his liberty interest, enforceable through 42 U.S.C. § 1983.

39. By charging Plaintiff Damon Baker for pre-trial fees without any finding of guilt, Defendants deprived Plaintiffs of their property without due process as guaranteed under the Fourteenth Amendment.

## COUNT 3
## Montana Constitutional Rights

40. Plaintiffs hereby incorporate all previous paragraphs.

41. Pursuant to the Montana Constitution, Plaintiff Damon Baker has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in his person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

42. All Defendants' acts and omissions related to the incident involving Damon Baker on January 2, 2022, violated Plaintiff's foregoing rights under the Montana Constitution.

43. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Damon Baker's constitutional deprivations, injuries, and damages, and Plaintiffs are entitled to compensatory damages and

attorneys' fees for Defendants' violations of Damon Baker's state constitutional rights.

## Count 4
## Negligence

44. Plaintiffs hereby incorporate all previous paragraphs.

45. At all times pertinent to this Complaint, Officer Helsby was subject to a duty of care under state law relating to her official functions as a police officer. The conduct of Officer Helsby as set forth in this Complaint does not comply with these standards of care.

46. At all times pertinent to this Complaint, entity Defendants and their employees were subject to a duty of care relating to their pretrial detainee practices. The conduct of entity Defendants as set forth in this Complaint does not comply with these standards of care.

47. Pursuant to MCA §2-9-102 Defendants City of Bozeman and Gallatin County are liable for the negligent acts of their employees as described in this Complaint.

48. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered injuries.

**COMPENSATORY DAMAGES**

49. As a direct result of Defendants' unlawful conduct, Damon Baker suffered violations of his constitutional rights as set forth above.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered economic damages and emotional pain and injuries.

51. As a direct and proximate result of Defendants' unlawful conduct, Damon Baker had to defend himself against unwarranted criminal charges and has been subjected to unwarranted fees and procedures.

## ATTORNEYS' FEES

52. Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Plaintiffs if they prevail on claims asserted under 42 USC § 1983.

53. Plaintiffs are entitled to recover reasonable attorneys' fees for violations of state and United States constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to grant the following relief:

1. For declaratory and injunctive relief;

2. For damages in a reasonable amount to compensate Plaintiffs fully for deprivation of Damon Baker's constitutional rights;

3. For damages in a reasonable amount to compensate Plaintiffs fully for all injuries and damages;

4. For reimbursement of all pretrial detainee fees paid by Plaintiffs;

5. For an order prospectively directing the City of Bozeman and Gallatin County to reimburse all fees and costs of pretrial detainees who are not found guilty.

6. For attorneys' fees pursuant to 42 USC § 1988;

7. For reimbursement of costs and expenses of suit; and

8. For such further relief as the Court deems fair and just.

Respectfully submitted November 13, 2023.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

Attorneys for Plaintiffs